**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                                       **2:04 CR 30-1**
                                                                        **(MAXWELL)**

**KARL KEVIN HILL,**

    **Defendant.**

## ORDER

By Order entered April 6, 2006, the Court referred pending motions in the above-styled criminal action to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), and authorized Magistrate Judge Kaull to conduct any necessary hearings in resolving said motions or in preparation for submission of proposed findings of fact and recommendation for disposition.

On May 9, 2006, Magistrate Judge Kaull held a hearing on Defendant Hill's Motion to Withdraw Guilty Plea, filed on February 13, 2006, and on Defendant Hill's Motion for Reconsideration, which was filed on March 23, 2006 with regard to the earlier filed Motion to Suppress. Magistrate Judge Kaull submitted his Report and Recommendation regarding the same on June 7, 2006, in which the Magistrate Judge recommends that the Defendant's motions be denied. In the Report and Recommendation, Magistrate Judge Kaull advised the parties, pursuant to 28 U.S.C. § 636(b)(1), that any objections to said Report and Recommendations which were not filed, in writing, with the Clerk of Court within ten (10) days after being served with a copy of said Report and Recommendation, were waived. Defendant filed his objections to the Magistrate's Report and Recommendation on June 20, 2006.

In Defendant's Motion for Reconsideration, Defendant is seeking reconsideration of his initial Motion to Suppress, which was earlier addressed in the Magistrate Judge's Report and Recommendation filed with the Court on February 14, 2005. In the Magistrate Judge's initial Report and Recommendation, the Magistrate Judge found, after a full evidentiary hearing, that Defendant Hill had denied ownership or control of the mobile home-type trailer located behind his residence and therefore, had waived standing to later object to a search of it. The Magistrate Judge again, in response to Defendant's Motion for Reconsideration, addressed this issue in his June 7, 2006 Report and Recommendation.

In Defendant's Motion to Withdraw Guilty Plea, the Defendant is seeking to withdraw his guilty plea by alleging that his plea was not voluntary and under duress because he wanted to be placed on bond to receive medical treatment. In Judge Kaull's June 7, 2006 Report and Recommendation, he has recommended that this motion also be denied.

Upon examination of the Report and Recommendation filed by the Magistrate Judge on June 7, 2006, it appears to the Court that the issues raised in the Defendant's Motion for Reconsideration and Motion to Withdraw Guilty Plea were thoroughly considered by Magistrate Judge Kaull. The Court finds, after having reviewed the record before it and conducting a <u>de novo</u> review of all matters before the Magistrate Judge in considering the Motion for Reconsideration and the Motion to Withdraw Guilty Plea, that the Report And Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this present criminal action. Moreover, the

Defendant's objections have not raised any issues that were not thoroughly considered by the Magistrate Judge in his Report And Recommendation.

As found in both Magistrate Judge Kaull's earlier Report and Recommendation, and his most recent one, Defendant Hill told the police to get in touch with his sister, Ms. Campbell, if they wanted to search the mobile home-type trailer, and pointed in the direction of her residence. Based upon these findings, the Magistrate Judge found that Hill lost any standing to protest or contest the search of the mobile home-type trailer and accordingly recommended that the Court not suppress evidence removed from the mobile home-type trailer behind the Defendant's residence. Defendant, through his counsel Sean Murphy, filed an Objection to this aspect of the first Report and Recommendation on February 28, 2005. The Court, after a careful review of the Report and Recommendation, the objections filed thereto, and the entire record before the Court, entered an Order on March 14, 2005 accepting the Report and Recommendation in whole, which resulted in the suppression of evidenced seized from the Defendant's residence, but not that seized from the mobile home-type trailer located behind the residence, as recommended by the Magistrate Judge.

Upon the Defendant filing objections to the Magistrate's June 7, 2006 Report and Recommendation recommending that the Court deny the Motion to Reconsider, the Court has again reviewed the entire record before the Court. The Magistrate Judge, after the benefit of a full evidentiary hearing, presented a very thorough, well thought-through and well supported Report and Recommendation on February 14, 2005. The Court could not at that time, nor can it now, find any error or issues of contention with the Magistrate Judge's Report and Recommendation. Furthermore, upon a *de novo*

review of the Magistrate Judge's June 7, 2006 Report and Recommendation, the Court again cannot find any error or issues of contention with the Magistrate Judge's Report and Recommendation. The Court finds, as more fully set forth in both Judge Kaull's February 14, 2005 and June 7, 2006 Report and Recommendations, that the Defendant waived standing to challenge the search of the mobile home-type trailer located behind his residence. Further, as more fully set forth in Judge Kaull's June 7, 2006 Report and Recommendation, the Court finds that the case of Georgia v. Randolph, 126 S.Ct. 1515 (2006), which is heavily relied upon by Defendant, is factually different from the case at bar and offers nothing to challenge the underlying finding that the Defendant waived standing to later object to the search of the mobile home-type trailer located behind his residence. Accordingly Defendant's objection to this aspect of the Report and Recommendation is overruled.

Defendant next objects to Magistrate Judge Kaull's recommendation that his Motion to Withdraw Guilty Plea be denied. In his Report and Recommendation, Magistrate Judge Kaull has appropriately applied and weighed the six-factor test set forth by the Fourth Circuit to determine whether it is appropriate to allow a Defendant to withdraw his plea. Turning to the first prong, whether the Defendant has offered credible evidence that his plea was not knowing or not voluntary, it will be recalled that at the April 14, 2005 change of plea hearing, the Court inquired of the Defendant whether his plea was the result of any threat, coercion or harassment. The Defendant responded by saying no. The Court further inquired of the Defendant whether his plea was the result of any promise or inducement other than those contained in the plea agreement and the Defendant again responded with a no. The Court notes that it asked

4

the Defendant at the change of plea hearing whether anything further had been agreed to, either orally or in writing, that was not contained in the plea agreement and the Defendant initially responded with a yes. However, after private discussion between Defendant, defense counsel, the government and probation, the Court repeated the question and the Defendant said no. The Government then put on the record that the discussion was with regard to the Government agreeing to not oppose bond, which was not in the plea agreement, and AUSA Warner indicated that he did intend to ask that the Defendant be released on home confinement. After careful inquiry of the Defendant at the plea hearing, the Court found that the plea was made freely and voluntarily, that the defendant was aware of the consequences of the plea, which were all carefully explained to Defendant, and accordingly accepted the Defendant's plea of guilty to Count One of the Indictment.

In the Government's Objection to Defendant's Motion to Withdraw Guilty Plea, the Government points out that it agreed to not oppose his motion for bond because the Defendant had asserted an interest in becoming a confidential informant for the police and the Government felt that the Defendant was in a very good position to help them. The Government further points out that the Defendant, in addition to receiving the services of the Regional Jail medical team, was also provided treatment outside the regional jail when the U.S. Marshal's Service transported the Defendant to Dr. Pavlovich.

The Court, as it does in every change of plea hearing, carefully went over every aspect of the plea agreement with the Defendant, warned him of the resulting minimum and maximum sentences, of the consequences of a plea of guilty and of the rights he gives up upon a plea of guilty. The Defendant confirmed to the Court that he

understood all of this and that he knowingly and voluntarily wished to enter a plea of guilty to Count One. The Court had no reason at that time, nor does it at this time, to question the Defendant's intelligence or level of understanding of the proceedings and everything the Court was discussing with him. Accordingly, as recommended by the Magistrate Judge in his Report and Recommendation, the Court finds that the Defendant's plea of Guilty was knowing. Turning to whether it was voluntary, the Court does not find that the Defendant has presented any real evidence of duress. The Defendant had received medical care even outside of the regional jail facility. Further, the Government's promise to not oppose a motion for bond was because the Government had hoped that Mr. Hill could work for them as a confidential informant, not because of any concern that Mr. Hill was not receiving proper medical treatment. Therefore, there was no duress placed upon Mr. Hill in his deciding to plead guilty. The Government was trying to give Mr. Hill the additional benefit of the opportunity to provide substantial assistance in hopes of a reduced sentence. The Government's promise to not oppose bond in this matter can in no way be construed as coercing the Defendant or placing him under duress. Therefore, as more fully set forth in Judge Kaull's Report and Recommendation, the Court finds that the Defendant has not satisfied the first element of the test. Further, as more fully set forth in Judge Kaull's June 7, 2006 Report and Recommendation, the Court finds that Defendant has failed to credibly assert either his actual or legal innocense; that the passage of time between the entering of a plea of guilty and the motion to withdraw, in this matter, constitutes a significant delay; that the Defendant had the close assistance of competent counsel in entering a plea of guilty; and that to allow the Defendant to withdraw his guilty plea would result in an unnecessary waste of judicial resources.

Based upon the aforementioned findings of fact, and as more fully set forth in the Magistrate Judge's Report and Recommendation, the Court hereby holds that Defendant Karl Hill has not met his burden of showing a fair and just reason for the withdrawal of his plea of guilty to Count One of the Indictment and the Defendant's objection to this aspect of Magistrate Judge Kaull's Report and Recommendation is also overruled. Accordingly, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation, filed in this case on June 7, 2006, be, and the same hereby is, accepted in whole and that the findings of fact and conclusions set forth in the Report And Recommendation be, and the same hereby are, adopted herein. Therefore, in accordance with the recommendations of the Magistrate Judge, it is

**ORDERED** that Defendant Hill's Motion For Reconsideration (Docket Entries 100 and 108) be, and the same hereby is, **DENIED.** It is further

**ORDERED** that Defendant Hill's Motion to Withdraw Guilty Plea (Docket Entry 75) be, and the same hereby is, **DENIED**. The Court finding that it is now appropriate to proceed to sentencing in this matter, it is further

**ORDERED** that a sentencing hearing in the above-styled criminal action shall be conducted on **September 14, 2006 at 1:30 p.m.** at the Federal Courthouse in Elkins, West Virginia.

The Clerk of Court is directed to transmit copies of this order to counsel of record.

**ENTER:** June 30th, 2006.

                                              **/s/ Robert E. Maxwell**
                                              United States District Judge